IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Shanice Thompson, | Civil Action No.: 1:15-cv-58 |
| Plaintiff, | |
| v. | |
| Collection Bureau of America; and DOES 1-10, inclusive, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT & JURY DEMAND

For this Complaint, the Plaintiff, Shanice Thompson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Shanice Thompson ("Plaintiff"), is an adult individual residing in Kalamazoo, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

1

4. Defendant Collection Bureau of America ("CBA"), is a California business entity with an address of 25954 Eden landing road, Hayward, California 94545, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Collectors") are individual collectors employed by CBA and whose identities are currently unknown to the Plaintiff. One or more of the CBA may be joined as parties once their identities are disclosed through discovery.

6. CBA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to CBA for collection, or CBA was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. CBA Engages in Harassment and Abusive Tactics

11. Within the last year, CBA contacted Plaintiff in an attempt to collect the Debt from Plaintiff's Grandmother, Mary Stewart (the "Debtor").

12.     At all times mentioned herein unless otherwise specified, CBA called Plaintiff's cellular telephone, number 269-xxx-0578, by using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

13.     When Plaintiff answered calls from CBA, she was met with a prerecorded message stating the call was from the Debtor and to hang up if she wasn't the Debtor.

14.     During a live conversation in or around September, 2014, Plaintiff explained to CBA that they were calling the wrong telephone number and provided CBA with the Debtor's correct telephone number.

15.     Plaintiff also requested that CBA cease all communication to her cellular telephone number.

16.     Despite the foregoing, CBA disclosed to Plaintiff that were calling in attempt to collect the Debt.

17.     Furthermore, CBA continued to call Plaintiff.

**C.  Plaintiff Suffered Actual Damages**

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed Plaintiff of the nature of the third parties' debt and stated that the third party owed a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted Plaintiff in regards to the third parties' debt on numerous occasions, without being asked to do so.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.     Plaintiff never provided her cellular telephone number to CBA or the Creditor and never provided her consent to be contacted on her cellular telephone.

29.     Without prior consent CBA contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

30. CBA continued to place automated calls to Plaintiff's cellular telephone after being advised it had the wrong number and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

31. The telephone number called by CBA was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

32. The calls from CBA to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. CBA's telephone system has the capacity to store numbers in a random and sequential manner.

34. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

35. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

5. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

6. Punitive damages against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 22, 2015

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Shanice Thompson
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com